IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CRIM. NO. 87-40070-JPG |
| vs. | ) |
| | ) |
| EUGENE A. FISCHER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Before the Court is defendant's motion for relief from the judgment under Federal Rule of Civil Procedure 60(b) (Doc. 904). Also before the Court is plaintiff's motion to dismiss this Rule 60(b) motion for lack of jurisdiction (Doc. 911). Plaintiff has filed a response (Doc. 916).

**I.   Background.**

Defendant was convicted of being a principal administrator of a Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. § 848 (Count 1), and of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) (Count 2). In a separate forfeiture count, the jury found that defendant should forfeit $30 million. On Count 1, he was sentenced to life imprisonment, and on Count 2, he was sentenced to 35 years' to run concurrently with his life sentence. This Court also ordered him to pay a Special Assessment of $50 each with regard to Counts 1 and 2 for a total of $100, and ordered that judgment be entered on the $30 million forfeiture amount set by the jury.

Defendant appealed and the judgment of this Court was affirmed on January 30, 1992.

*United States v. Kramer, et al.*, 955 F.2d 479 (7th Cir. 1992). He then filed a petition for a *writ of certiorari* to the United States Supreme Court which was denied on November 30, 1992. *Fischer v. United States*, 113 S.Ct. 595 (1992).

On March 30, 1993, defendant filed a Rule 35 motion seeking to correct or reduce the sentences on Counts 1 and 2 (Doc. 680). Thereafter, on March 27, 1996, the United States Supreme Court decided *Rutledge v. United States*, 517 U.S. 292 (1996). *Rutledge* held that a conspiracy is a lesser included offense of every CCE, and that a conviction on both charges for the same conduct cannot stand. As such, on December 1, 1997, the Court partially granted defendant's Rule 35 motion by vacating the conspiracy conviction in light of *Rutledge*, but making it subject to reinstatement if the CCE conviction was ever overturned.

In March 1998, defendant appealed the partial denial of his Rule 35 motion. On June 1, 1999, the United States Supreme Court decided *Richardson v. United States*, 526 U.S. 813 (1999). *Richardson* held that a jury must agree unanimously on which specific predicate acts constitute the "continuing series" of violations for a CCE conviction. When appealing the partial denial of his Rule 35 motion, defendant also contested the lack of juror unanimity on his CCE conviction as required by *Richardson*. On February 9, 2000, the United States Court of Appeals for the Seventh Circuit affirmed the partial denial of his Rule 35 motion, finding that such challenges to a conviction should be raised under 28 U.S.C.§ 2255 motion rather than Rule 35. *See United States v. Fischer*, 205 F.3d 967, 972-973 (7th Cir. 2000).

On April 21, 1997, (while he was litigating his Rule 35 motion), defendant filed a § 2255 motion. *See Case No. 97-4116-JLF, (Doc. 1)*. On March 12, 1998, this § 2255 motion

was denied. Thereafter defendant asked for a certificate of appealabilty which was denied on March 28, 1998. On April 10, 1998, defendant renewed his motion for certificate of appealability. Two years later, defendant renewed his motion for a certificate of appealability and petitioned to amend his motion to include a *Richardson* claim. The United States Court of Appeals for the Seventh Circuit denied his request for certificate of appealability except with regard to *Richardson*. On April 4, 2002, the United States Court of Appeals for the Seventh Circuit held that because Fischer had failed to raise his *Richardson* issue in his § 2255 motion before the district court, he could not raise it for the first time on appeal. *United States v. Fischer*, 285 F.3d 596, 600-601 (7th Cir. 2002).

Defendant has now filed a Rule 60(b)motion. This motion is discussed below.

**II.    Discussion.**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment in a habeas corpus case. Rule 60(b), however, cannot be used to raise claims that should otherwise be raised as a second or successive habeas corpus petition subject to the provisions of the Antiterrorism and Effective Death Penalty Act. *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005).

In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the United States Supreme Court held that when a court determines that a 60(b) motion attacks, not the "substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," defendant need not seek prior authorization from the court of appeals under § 2244. *Gonzalez*, 125 S.Ct. at 2648. In contrast, defendant must seek prior

authorization for a second or successive habeas corpus petition that raises either a new claim or attacks the federal court's previous resolution of a claim on the merits. *Id.*

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b). *Gonzalez* determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 125 S.Ct. at 2648. Specifically, *Gonzalez* noted that: "If neither the motion itself *nor the federal judgment from which it seeks relief* substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* Finding that Gonzalez' argument in his Rule 60(b) motion, (i.e., challenging the district court's ruling on an AEDPA statute of limitations issue), was not a "claim," the Court considered the merits of his motion, and denied it because he failed to set forth an "extraordinary circumstance" justifying relief. *Gonzalez*, 125 S.Ct. at 2650.

Here, defendant argues that he was denied conflict-free counsel at his trial because fugitive codefendant George Brock was making monetary payments to Fischer's trial attorneys. Fischer admits in his pleadings, that before trial, the district court advised him of his right to conflict free counsel, and that he knowingly waived any potential conflict of interest. Although defendant says that he is attacking a procedural defect in his habeas action, what he is really challenging is the substance of the district court's resolution of this issue when denying his § 2255 motion. Defendant's claim is thus a claim for relief from the underlying criminal judgment. In civil habeas proceedings, if a Rule 60(b) motion presents

claims for relief from the underlying criminal judgment rather than challenging some procedural defect in the habeas action, it must be dismissed as a second or successive petition. *See Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir.2006).  Accordingly, defendant's motion is simply a second § 2255 motion, for which he has not been granted leave to file, and that must be dismissed for lack of jurisdiction. *28 U.S.C. § 2255*; *Nunez v. United States*, 96 F.3d 990, 997 (7th. Cir.1996).

### III.   Summary.

For the foregoing reasons, the Court construes defendant's Rule 60(b) motion as a second collateral attack under 28 U.S.C. § 2255.  Accordingly, plaintiff's motion to dismiss the Rule 60(b) motion, (Doc. 911), is **GRANTED**.  Defendant's Rule 60(b) motion, (Doc. 904), is **DISMISSED** for lack of jurisdiction.  Defendant's motion to withdraw his motion for information, (Doc. 914), is **GRANTED**.  Defendant's motion for information, (Doc. 913), is **WITHDRAWN**.

**IT IS SO ORDERED.**

**DATED:  April 25, 2007.**

*s/ J. Phil Gilbert*
**DISTRICT JUDGE**