UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 87-cr-40070-JPG

EUGENE A. FISCHER,

Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Eugene A. Fischer's motion for a writ of audita querela (Doc. 948). In that motion he seeks to overturn his 1988 criminal conviction and life sentence for engaging in a continuing criminal enterprise ("CCE") involving the importation of large amounts of marihuana into the United States.[1] He argues that *Richardson v. United States*, 526 U.S. 813 (1999), which held that the jury must unanimously agree on the specific underlying criminal violations constituting the CCE, requires vacating his conviction because there was no evidence of such an agreement in his case.

The Court notes that the writ of audita querela has been abolished, *see* Fed. R. Civ. P. 60(e), and has no relevance in criminal proceedings. *Melton v. United States*, 359 F.3d 855, 856 (7th Cir. 2004). Furthermore, what Fischer really seeks is to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of §2255 ¶1, *is* a motion under §2255, no matter what title the prisoner plasters on the cover. . . . Call it a motion for a new trial, arrest of

---

[1]Fischer's conspiracy conviction and 35-year sentence were vacated after the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292 (1996), which held that conspiracy under 21 U.S.C. § 846 is a lesser included offense of a CCE offense under 21 U.S.C. § 848.

judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (internal citation omitted). Thus, Fischer's petition is really a § 2255 motion.

This is not Fischer's first § 2255 motion. In fact, he has filed two previous § 2255 motions, one in April 1997 and one in January 2007. In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion.

In addition, the Court further declines to construe the pending motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The relevant issues were addressed by the Court of Appeals for the Seventh Circuit in a case involving one of Fischer's codefendants, *Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003), and by the Court of Appeals for the Eleventh Circuit in resolving a § 2241 petition filed by Fischer, *Fischer v. Yates*, 249 Fed. App. 748 (11th Cir. 2007).

In *Kramer*, the Court of Appeals for the Seventh Circuit noted that usually a federal prisoner challenges his sentence under § 2255. However, a prisoner may bring a claim under § 2241 to challenge his sentence if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A motion under § 2255 is inadequate, for example, when its limit on second or successive petitions "prevent[s] a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). This provision is referred to as §

2255's "savings clause." To raise a challenge to a sentence in a § 2241 petition where a petitioner has already filed a § 2255 motion, a petitioner must show (1) the legal theory on which he relies depends on a change in the law that postdated his § 2255 motion and would not be allowed in a second or successive petition under the requirements of § 2255(h) and (2) the theory supports a non-frivolous claim of actual innocence. *Kramer*, 347 F.3d at 217.

In this case, although *Richardson* postdated Fischer's original § 2255 motion and the District Court's denial of the motion, *Richardson* was decided during the pendency of Fischer's appeal from the denial of that motion. The Court of Appeals allowed Fischer to raise the *Richardson* issue in that proceeding but rejected the argument because he had not presented it to the District Court in the first instance. Nevertheless, *Richardson* was clearly not available to Fischer when he was before the District Court in his first § 2255 motion.

Furthermore, a successive § 2255 motion raising a *Richardson* argument would not be allowed under § 2255(h). Under that provision, a court of appeals can only allow a successive petition if there is newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Fischer does not rely on newly discovered evidence, and *Richardson* did not announce a new rule of constitutional law. *Kramer*, 347 F.3d at 217 (citing *Lanier v. United States*, 220 F.3d 833, 838 (7th Cir. 2000)). Therefore, Fischer satisfies the first requirement for gaining access to § 2241.

Fischer does not, however, satisfy the second requirement: a non-frivolous claim of actual innocence. Such a claim would require that Fischer be able to admit everything alleged in the indictment and still be innocent of the charge. *See Kramer*, 347 F.3d at 218. That is not the case with Fischer or his codefendants convicted of CCE. In *Kramer*, the Seventh Circuit stated

3

that "a *Richardson* claim is not the sort that will permit passage through the narrow opening of § 2255's savings clause." *Id.* at 218. The Court of Appeals for the Eleventh Circuit agreed when it rejected Fischer's § 2241 petition based on *Richardson*. *Fischer*, 249 Fed. App. at 749. Consequently, Fischer cannot be heard under § 2241, and the Court declines to construe his filing as a petition under that provision.

For the foregoing reasons, the Court hereby **DISMISSES** this action **for lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED: July 16, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**