# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CASE NO. 87-cr-40070-JPG |
| | : | |
| EUGENE FISCHER, | : | |
| | : | |
| DEFENDANT. | : | |

## MEMORANDUM AND ORDER APPROVING RENEWAL OF LIENS WITH RESPECT TO EUGENE FISCHER

**Gilbert, District Judge:**

The Court hereby considers the government's Motion to Renew Monetary Forfeiture Judgment With Respect to Eugene Fischer (Doc. 961). The government asks the Court to renew the criminal forfeiture judgment against Fischer pursuant to 28 U.S.C. § 3201(c)(2), the statutory provision allowing approval of renewal of judgment liens *in civil cases*. Fischer has responded to the motion (Doc. 963) arguing that this issue is not governed by 28 U.S.C. § 3201(c)(2) but by 18 U.S.C. § 3613, which describes civil remedies for satisfaction *of an unpaid fine*. He also argues the Court has no jurisdiction to reopen the criminal judgment in this case.

Fischer's opposition rests on a fundamental misunderstanding of the distinction between forfeitures and fines. He cites to the statute governing collection of fines, that is, debts to the United States created by virtue of a criminal judgment. Collection of such debts *are* governed by 18 U.S.C. § 3613. Forfeitures, on the other hand, are not debts to the United States but actual transfers of ownership of property to the United States. Such transfers occur "upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c); *see United States v. Frykholm*, 362 F.3d 413, 415 (7th Cir. 2004). The criminal judgment against Fischer just confirmed that the

transfer had already occurred at the time of the crime. *See Frykholm*, 362 F.3d at 415. Thus, the United States had acquired vested titled in the $30,000,000.00 in proceeds from Fischer's crimes since those crimes were committed and has simply been unable to seize that property or substitute property since then. Nothing cited by Fischer provides a limitation on the period to seize the forfeited property in which the government has vested title or substitute property.

The Court is not completely convinced that 28 U.S.C. § 3201 applies to liens resulting from criminal forfeiture judgments. However, it is mindful that some civil forfeiture provisions do apply in the criminal forfeiture context. *See* 21 U.S.C. § 853(j) (applying civil forfeiture rules of 21 U.S.C. § 881(d) to the extent not inconsistent with 21 U.S.C. § 853). Should the limitation on the duration of liens resulting from criminal forfeitures under 28 U.S.C. § 2301(c) and the optional renewal process be two of those provisions – and neither party has made a convincing case that they are or are not – Court approval under 28 U.S.C. § 3201(c)(2)(B) of the renewal of the judgment lien would be appropriate. In an abundance of caution, the Court will give its approval.

The Court is careful to note that it is not renewing the judgment itself; no party has cited any authority for such renewal of a criminal judgment and Fischer is right to question the Court's jurisdiction to do so. It simply expresses its approval under 28 U.S.C. § 3201(c)(2)(B) of the renewal of liens should the government choose to file notices of renewal in the appropriate jurisdictions pursuant to 28 U.S.C. § 3201(c)(2)(A) before the expiration of the 20-year period referenced in 28 U.S.C. § 3201(c)(1), should that 20-year period even apply.

For the foregoing reasons, the Court **GRANTS** the government's motion (Doc. 961) and **APPROVES** the renewal of liens stemming from the criminal judgment of forfeiture in this case for an additional 20 years. The Court, in entering this order, is not making a finding, either

2

expressly or by implication, that there is any time limit in which the United States must move to forfeit substitute property pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p).

**IT IS SO ORDERED.**
**Dated: November 5, 2008**

                                                    s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**