IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : CASE NO. 87-cr-40070-JPG |
| EUGENE FISCHER, | : |
| DEFENDANT. | : |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Eugene Albert Fischer's motion to reopen the time pursuant to Federal Rule of Appellate Procedure 4(a)(6) to file a notice of appeal of the Court's November 5, 2008 order (Doc. 977). The government has responded (Doc. 980) arguing that this Court does not have jurisdiction to rule on the motion because Fischer filed a notice of appeal of the Court's November 5, 2008, order on January 16, 2009. The government argues that the notice of appeal divested this Court of jurisdiction to decide the pending motion.

The government is correct that a notice of appeal ordinarily removes the district court's power to decide issues relating to the appeal. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, a deficient notice of appeal does not have this effect. *Gilda Industries, Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). Where it is clear to the district court that a notice of appeal is deficient because it is untimely, lacks essential recitals, or seeks review of a non-appealable order, the district court may disregard the notice of appeal. *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)).

Fischer's notice of appeal did not divest the Court of jurisdiction to hear the motions pending in this case because his appeal was untimely. The Court entered the order Fischer seeks to appeal on November 5, 2008. Fischer had sixty days from the entry of the order – that is, up to and including January 5, 2009 – to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B); Fed. R. App. P. 26(a). Fischer filed his notice of appeal at the earliest on January 13, 2009, the day he signed the notice of appeal. Because he is a prisoner, he is entitled to the benefit of the mailbox rule under which a prisoner is considered to have "filed" a document when he turns it over to a prison official to be sent to the Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Logic dictates that Fischer could not have mailed his document before he signed it. Thus, Fischer's notice of appeal was at least eight days late and therefore did not divest the Court of jurisdiction to hear motions in this case.

The Court **ORDERS** the government to respond on or before March 6, 2009, to the merits of Fischer's pending motion to reopen the appeals period. The Court further **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in connection with *United States v. Eugene Fischer*, Appeal No. 09-1126.

**IT IS SO ORDERED.**
**Dated: February 24, 2009**

          s/ J. Phil Gilbert
          **J. PHIL GILBERT**
          **United States District Judge**