# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| PLAINTIFF, | : | |
| v. | : | CASE NO. 87-cr-40070-JPG |
| EUGENE ALBERT FISCHER, | : | |
| DEFENDANT. | : | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Eugene Albert Fischer's motion to reopen the time pursuant to Federal Rule of Appellate Procedure 4(a)(6) to file a notice of appeal of the Court's November 5, 2008 order (Doc. 977) approving the government's renewal of liens created as a result of Fischer's criminal conviction. The government has responded (Doc. 985), and Fischer has replied to that response (Doc.987).

Fischer did not receive the order from which he seeks to appeal within 21 days after its entry on the docket. In fact, he never received notice from the Clerk of Court at all. He found out about the order on or about January 9, 2009, after he received a copy of the docket sheet. On January 13, 2009, he mailed a notice of appeal to the Court, which was received and docketed on January 16, 2009. He also filed a petition for a writ of mandamus with the Court of Appeals for the Seventh Circuit asking for an extension of time to appeal. He signed the pending motion to reopen the time to appeal on January 29, 2009, and the Clerk's Office docketed it February 5, 2009.

It is undisputed that Fischer's notice of appeal was late. Under Federal Rule of Appellate Procedure 4(a)(1)(B), Fischer had 60 days from the entry of the Court's order to file a notice of appeal. He filed his notice of appeal 69 days after the Court's order was entered, even giving

him the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thus, it was clearly late, and the Court must reopen the appeal period if Fischer is to be able to take a timely appeal.

Appellate Rule 4(a)(6) determines when a district court may reopen the time for a party to file a notice of appeal:

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

As for the first requirement, Rule 77(d)(1) requires the Clerk of Court to serve notice of an order on each non-defaulted party immediately after entering it and provides that a party may also serve notice of the order. Fischer satisfies the first requirement because he did not receive notice from the Clerk of Court or the government within 21 days of entry of the order.

Fischer also satisfied the second requirement. His motion to reopen the time to file an appeal was filed within 180 days after November 5, 2008, the day the Court's order was entered. The 7-day time limit listed in Appellate Rule 4(a)(6) does not apply because Fischer never received notice under Rule 77(d)(1).

The Court now turns to the issue of prejudice. The government points out that Fischer has demonstrated in a filing in his untimely appeal that he intends to challenge his criminal

2

conviction, not just the issues discussed in the Court's November 5, 2008, order. Indeed, he attempted to raise such an argument in his response to the motion the November 5, 2008, order disposed of. In light of the Court's disposition of the motion, the Court had no need to consider Fischer's arguments at that time and, in fact, did not have jurisdiction to do so because Fischer had not received permission to file a second or successive motion under § 2255. *See* 28 U.S.C. § 2255, ¶ 8; *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2925 (2008); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

The government argues that Fischer's pending motion could be construed as a request for a certificate of appealability of the Court's implicit November 5, 2008, rejection of his arguments in response to the government's motion directed to the merits of his conviction. It believes allowing Fischer to proceed on appeal now would unfairly prejudice the government by forcing it to defend the denial of § 2255 relief in the absence of a certificate of appealability.

Such a construction of the pending motion is unreasonable. The matters at issue in the motion leading to the Court's November 5, 2008, order related exclusively to approval of the renewal of liens imposed as a result of a forfeiture judgment against Fischer. Fischer invited the Court to go beyond that inquiry in his response, but because of the Court's manner of resolving the issues raised in the government's motion, it did not consider Fischer's argument – in fact, it *could not* have considered his argument because it could have been construed, in substance, as a successive § 2255 motion. The Court did not accept or reject his arguments; it did not entertain them at all. Thus, the Court's November 5, 2008, order was not a resolution of a successive § 2255 motion and does not require a certificate of appealability. Furthermore, the government

will suffer no prejudice from having to defend in a belated appeal its position with respect to the lien issue.

The government's final argument that the criminal appeal period in Appellate Rule 4(b) applies to this case instead of the civil appeal period in Appellate Rule 4(a) has no merit. Approval of the renewal of liens is civil in nature, even where the lien was the product of a criminal prosecution. As the Court of Appeals indicated in its denial of Fischer's petition for a writ of mandamus allowing a late appeal, this matter is governed by Rule 4(a). *See In re Fischer*, 554 F.3d 656, 657 (7th Cir. 2009).[1]

For the foregoing reasons, the Court **GRANTS** Fischer's motion to reopen the time to file an appeal (Doc. 977) for a period of 14 days from the date this order is entered.

**IT IS SO ORDERED.**
**Dated: April 8, 2009**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **United States District Judge**

---

[1] *In re Fischer* erroneously states that under Appellate Rule 4(a)(1)(A) Fischer had only 30 days to appeal. *In re Fischer*, 554 F.3d at 656. He actually had 60 days under Appellate Rule 4(a)(1)(B) because the United States is a party to this action.