UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 87-cr-40070-JPG |
| EUGENE A. FISCHER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Eugene A. Fischer's motion to correct or reduce his sentence pursuant to the version of Federal Rule of Criminal Procedure 35 that was effective at the time of his offense (Doc. 1005). The United States has responded to the motion (Doc. 1006), and Fischer has replied to that response (Doc. 1007).

Fischer was convicted in 1988 of engaging in a continuing criminal enterprise ("CCE") involving the importation of large amounts of marihuana into the United States and of conspiring to distribute that marihuana. Fischer's conspiracy conviction was vacated after the Supreme Court's decision in *Rutledge v. United States*, 517 U.S. 292 (1996), which held that conspiracy under 21 U.S.C. § 846 is a lesser included offense of a CCE offense under 21 U.S.C. § 848. In the pending motion, Fischer argues that *Richardson v. United States*, 526 U.S. 813 (1999), which held that the jury must unanimously agree on the specific underlying criminal violations constituting the CCE, requires vacating his CCE conviction because there was no evidence of such an agreement in his case. This is the same argument Fischer advanced in his motion for a writ of audita querela (Doc. 948), which the Court construed as a successive motion under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction on July 17, 2008 (Doc. 951).

Fischer's pending motion is not a true Rule 35 motion. What Fischer really seeks is to

vacate, set aside or correct his CCE sentence, which can only be accomplished under 28 U.S.C. § 2255.  Rule 35 is not the proper vehicle for such a challenge because it is reserved for challenges to the propriety of a sentence, not of the underlying conviction.  *See United States v. Fischer*, 205 F.3d 967, 972 (7th Cir. 2000).  That Fischer did not label the pending motion as a § 2255 motion will not prevent the Court from construing it as such.  *Melton v. United States*, 359 F.3d 855, 856-57 (7th Cir. 2004)  ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1 [now § 2255(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.").  Thus, Fischer's petition is really a § 2255 motion.

This is not Fischer's first § 2255 motion.  In fact, he has filed numerous previous § 2255 motions, one in April 1997 (No. 97-cv-4116-JLF), one in January 2007 (Doc. 904) and one in July 2008 (Doc. 948).  In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  It has not done so.  Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion.

For the foregoing reasons, the Court hereby **DISMISSES** Fischer's motion (Doc. 1005) **for lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:  July 27, 2010**

                                                         s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**