UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EUGENE A. FISCHER,<br><br>　　　　Defendant. | Case No. 87-cr-40070-JPG |

**MEMORANDUM AND ORDER**

**I.　　Motion for Leave to Proceed on Appeal *In Forma Pauperis* (Doc. 1016)**

　　This matter comes before the Court on defendant Eugene A. Fischer's motion for leave to appeal *in forma pauperis* (Doc. 1016). Fischer has appealed the Court's determination that his motion pursuant to Federal Rule of Criminal Procedure 35 is a successive petition under 28 U.S.C. § 2255 over which this Court does not have jurisdiction.

　　A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

　　Although it appears from Fischer's affidavit that he is indigent, his appeal is frivolous and not taken in good faith. Fischer's Rule 35 motion was a successive § 2255 motion, and it is beyond question that this Court does not have jurisdiction to entertain a successive § 2255 motion absent certification from the Seventh Circuit Court of Appeals pursuant to § 2255, ¶ 8. Therefore, dismissal of his successive § 2255 motion for lack of jurisdiction was correct. *See Nunez v. United*

*States*, 96 F.3d 990, 991 (7th Cir. 1996).  No reasonable person could argue otherwise.  Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith and accordingly **DENIES** the motion for leave to proceed on appeal *in forma pauperis* (Doc. 1016).

## II.     Implied Request for Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes Fischer's notice of appeal as a request for a certificate of appealability.  *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.  This is true even where the petitioner is appealing from the dismissal of an unauthorized second or successive collateral attack.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282;  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").  The Court finds that Fischer has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:  August 31, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**